UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry W. Martin, Jr., # 190394,<br><br>        Plaintiff,<br><br>vs.<br><br>William R. Byars;<br>John R. Pate;<br>Arthur A. Jordan;<br>McKenndly Newton;<br>Robert E. Ward;<br>Jon Ozmint;<br>Dennis R. Patterson;<br>Daniel Murphy;<br>David M. Tatarsky;<br>Lt. J. Carujo;<br>Lt. J. Carter;<br>Robert Orr;<br>Lt. James Rump;<br>Captain E. J.Miller;<br>Dr.Thomas Bynse;<br>Lt. Varlease Black;<br>Cpl. L. Jenkins;<br>Cpt. Myecha Miley;<br>M. Hudson;<br>S. Singlaton, *DHO*;<br>Cpl. T Simpson;<br>Mr. McQueen;<br>P Smith;<br>A. Hollman;<br>Helen Freeman;<br>Thomas Scott;<br>Cpt. E James;<br>Tanya A. Gee;<br>V. Claire Allen;<br>John C. Few;<br>Wayne C. McCabe;<br>Jill Beattie;<br>Jeannette Mack;<br>Francine Bauchman;<br>Patty Britt Posey;<br>James S. Sligh, Jr.;<br>Dr. Rowland;<br>Gregory S Line;<br>Charlotte Smith;<br>Ellen Goodwin;<br>Russell Rush;<br>Jim Crosby;<br>Susan S. Barden;<br>Virginia Crocker,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)  C/A No. 6:13-3516-TMC-KFM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>) **for**<br>) **Partial Summary Dismissal**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)[text begins on following page]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## *Background of this Case*

Plaintiff is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections (SCDC). In the above-captioned case, Plaintiff has submitted a Complaint that is sixty-one pages in length. Plaintiff has also included one hundred seven pages of exhibits. Named as defendants are numerous officials and employees of the SCDC, various state court judges, and state court officials.

Plaintiff alleges: (1) Plaintiff was charged with a major disciplinary infraction, which resulted in loss of state pay of $17.75, loss of privileges, loss of 180 days of good time, and reduction of Plaintiff's custody to ten years (ECF No. 1 at 6); (2) on September 7, 2010, Defendant Miley retaliated by filing bogus charges against Plaintiff because he refused to have sex with her (*Id*. at 6–7); (3) Defendant Miley's actions violated SCDC Policy AMD 11.17 (*Id*. at 7); (4) Plaintiff was convicted in a disciplinary hearing after the fact-finder determined that Plaintiff struck Defendant Miley with his hand (*Id*. at 8); (5) Plaintiff filed in magistrate court a request for a restraining order against Defendant Miley (*Id*.); (6) the SCDC has refused to recognize Defendant Miley's sexual misconduct (*Id*. at 9); (7) these facts show a prima facie violation of Plaintiff's federal constitutional rights (*Id*.); (8) Defendant Byars failed to take appropriate action pursuant to S.C. Code Ann. § 24-1-90 to prevent criminal activity by SCDC employees (*Id*. at 10); (9) Defendant Byars and "each one of the Defendants" who are named in this 1983 civil action were accessories "before the fact" with respect to Defendant Miley's actions (*Id*. at 11); (10) the incident took place on September 27, 2010, and the matter was referred on September 28, 2010, for a disciplinary hearing (*Id*. at 12); (11) Disciplinary Officer

Singleton on October 19, 2010, conducted the disciplinary hearing and found Plaintiff guilty (*Id*.); (12)  Plaintiff received his Notice of Placement in the special management unit (*Id*. at 13); (13)  Plaintiff filed a "step one" grievance (*Id*.); (14)  the Warden upheld the finding of the disciplinary hearing officer (*Id*. at 14–15); (15)  on April 27, 2010, Plaintiff sent to then-Director Ozmint a written request, which was forwarded to the Inspector General's division (*Id*. at 16); (16)  Plaintiff filed a "step two" appeal from his disciplinary conviction (*Id*. at 16–17); (17)  Plaintiff sought a copy of the disciplinary hearing "tape" from Associate Warden Pate (*Id*. at 17); (18)  after Plaintiff appealed to the South Carolina Administrative Law Court, Administrative Law Court Judge Deborah Durden issued on May 5, 2011, an Order of Dismissal (*Id*. at 18); (19)  Associate Warden Pate determined that Defendant Miley had the authority to do her job as she seeks fit and SCDC Policies ADM 11.7 and ADM 11.04 do not apply (*Id*.); (20)  on May 4, 2010, the Education Coordinator and Defendant Miley issued an order to report for Plaintiff to come to the law library during two days in the month (*Id*. at 19); (21)  Plaintiff filed an inmate request on May 15, 2010, and filed a "step one" grievance on April 29, 2010 (*Id*. at 20); (22)  Plaintiff's grievance indicated that Defendant Miley is in violation of SCDC Policy 11.17 (*Id*. at 21): (23)  Plaintiff sent a letter to Allendale County Sheriff Tom Carter seeking arrest warrants for criminal sexual assault and accessory before the fact (*Id*. at 21–22); (24)  Plaintiff requested that Warden Pate remove Defendant Miley from the Education Building and the law library (*Id*. at 22); (25)  Plaintiff was taken to "Tumer Hospital" for hernia surgery on July 7, 2010 (*Id*. at 23); (26)  the hernia surgery was necessary because Defendant Miley "hit the Plaintiff's [*sic*] in his nut sack" (*Id*.); (27)  Plaintiff filed an appeal to the Administrative Law Court with

3

respect to Grievance No. ACI-0323-10, which became ALC Docket No. 10-ALJ-04-00424IJ (*Id*. at 24); (28) Plaintiff requested that Defendant Miley not read his legal papers (*Id*.); (29) Defendant Miley charged Plaintiff with refusing to allow her to search him and put him "in hold" (*Id*.); (29) Lt. Rump dismissed the "bogus" charge (*Id*.); (30) Plaintiff was "further advised" by the Division of Human Resources that he would have to go through Director Jon Ozmint to get criminal charges or a restraining order (*Id*.); (31) the Administrative Law Court on June 9, 2010, found that the matter was properly before the Administrative Law Court and dismissed the appeal *without prejudice* (*Id*. at 25); (32) Dr. Byrne determined that Plaintiff's hernia was not caused by Plaintiff's being searched (*Id*. at 26); (33) Defendant Miley tried to have Plaintiff killed by another inmate with whom Defendant Miley had a "Closed" relationship (*Id*. at 27); (34) Plaintiff was interviewed by an investigator in October 2010 (*Id*. at 28); (35) Plaintiff sent an inmate request to substitute counsel on October 19, 2010 (*Id*. at 29); (36) Plaintiff sent another inmate request to Warden Pate on November 1, 2010, with respect to the disciplinary hearing tape (*Id*.); (37) Plaintiff told that he would be given an opportunity to listen to the tape again (*Id*.); (38) Plaintiff in a letter to Ms. Hudson told her that his state pay is "grandfathered in" and cannot be taken away (*Id*. at 30); (39) on October 29, 2010, Ms. Hudson informed Plaintiff that he would lose his state pay and would be transferred to a Level 3 institution (*Id*.); (40) Plaintiff filed various inmate requests in September 2010 (*Id*. at 31–32); (41) Ms. Smith "unprocessed" a grievance filed by Plaintiff (*Id*. at 32); (42) Plaintiff sent a letter to State Senator Ralph Anderson about Defendant Miley (*Id*. at 33); (43) On December 2, 2010, Senator Anderson sent to Plaintiff a letter indicating that he could not intervene and recommended

that Plaintiff's family seek legal counsel (*Id.*); (44)  on June 14, 2010, Plaintiff sent to Robert Orr, an investigator at the Allendale Correctional Institution, a letter with respect to Defendant Miley (*Id.* at 34); (45)  Plaintiff on October 23, 2010, sent a request to Warden Pate with respect to the disciplinary hearing (*Id.* at 35); (46)  on April 27, 2011, Plaintiff received a letter from the Allendale County Summary Court relating to his summons, complaint, and request for a change of venue (*Id.* at 36); (47) on February 28, 2011, Plaintiff filed a motion for change of venue with Chief Magistrate Glen Stephen (*Id.* at 37–38); (48)  on March 27, 2011, Plaintiff sent a letter to the Clerk of the South Carolina Administrative Law Court to provide him a transcript of the disciplinary hearing (*Id.* at 39–40); (49)  on April 12, 2011, and on July 15, 2011, Plaintiff sent letters to the Allendale Summary Court about his pending motions for a change of venue (*Id.* at 40–41); (50) Plaintiff on September 20, 2011, received a letter from the "Clerk of Appeals" indicating that Plaintiff should contact Clerk of Court Claire Allen about his request for a transcript of the disciplinary hearing (*Id.* at 41); (51)  on July 14, 2011, Plaintiff was apprised  that his motion for leave to proceed without payment of costs and fees in the South Carolina Court of Appeals had been denied on June 20, 2011, and that Plaintiff would have fifteen days to pay the fee (*Id.* at 41–42); (52)  on August 29, 2011, Plaintiff filed a Notice of Appeal with respect to ALC Docket No. 11-ALJ-04-0629A; (53)  Plaintiff filed various documents with the South Carolina Court of Appeals (*Id.* at 42–43); (54)  on March 31, 2011, Plaintiff contacted the SCDC Human Resources section and requested a copy of the "public record" of Defendant Miley pursuant to the Freedom of Information Act (*Id.* at 44); (55) Plaintiff filed an appeal to the Administrative Law Court with respect to his security level

and was apprised of court deadlines and the briefing schedule (*Id*. at 44–46); (56) on August 12, 2011, Plaintiff filed a motion for contempt (*Id*. at 47); (57) Plaintiff's appeals in five cases were dismissed by the South Carolina Court of Appeals, and the Clerk of the South of Appeals sent the remittitur documents on October 6, 2011 (*Id*. at 47–48); (58) the South Carolina Court of Appeals denied Plaintiff's motions and appeals because Plaintiff did not pay the appeal fees or the motion fees (*Id*. at 49); (59) Judge Jasper Cureton's Order of January 19, 2012, is erroneous and arbitrary (*Id*.); (60) the Administrative Law Court on May 5, 2011, issued an order of dismissal because (*Id*. at 49–50); (61) Warden Pate deprived Plaintiff of procedural due process (*Id*. at 50); (62) both Judge Goolsby and Judge Cureton denied Plaintiff's motions to proceed *in forma pauperis* (*Id*. at 51); (63) Judge Durden denied Plaintiff's appeal *with prejudice* (*Id*. at 52); (64) on July 25, 2011, Plaintiff filed with the Clerk of the Administrative Law Court a Notice of Appeal, which was denied (*Id*. at 52–53); (65) in September 2010, Plaintiff filed twenty-four copies of the summons and complaint in the Magistrate Court for Allendale County and a motion for a restraining order (*Id*. at 53–54); (66) On April 12, 2011, Plaintiff wrote a letter to Magistrate William Branch and forwarded a copy of the letter to the Office of Disciplinary Counsel (*Id*. at 55); (67) Plaintiff received a letter from the Chief Administrative Judge of the Court of Common Pleas that Plaintiff's complaints exceeded the jurisdictional amount for a magistrate court case and that Plaintiff would need to pay the filing fee for each action (*Id*. at 55–56); (68) on July 7, 2010, Plaintiff wrote Sheriff Tom Carter and requested arrest warrants (*Id*. at 57); (69) on October 18, 2010, the Clerk of the South Carolina Court of Appeals apprised Plaintiff that he must serve opposing counsel with his motion for leave

to proceed *in forma pauperis* (*Id*.); (70)  Plaintiff was transferred from the Lieber Correctional Institution to the Kirkland Correctional Institution and was given a "sexual misconduct" form with respect to Defendant Miley (*Id*. at 57–58); (71)  Plaintiff has not received a disposition (*Id*. at 58); (72)  Plaintiff mailed to copy of his SCDC financial statement to the Magistrate Court for Allendale County (*Id*.); (73)  on March 28, 2006, a three-judge panel of the South Carolina Court of Appeals denied Plaintiff's motion for leave to proceed *in forma pauperis* (*Id*.); and (74)  on March 23, 2010, Plaintiff asked "the Court" to reinstate his custody level "to Work Release" eligibility, a transfer from his prison, and reinstatement of his "Back State Wages" of $18.75, and workers compensation benefits (*Id*. at 59).

In his prayer for relief, Plaintiff seeks a court order sending Plaintiff into federal protective custody; a court order instructing "Clerk of Court" James R. Parker to empanel a Grand Jury to investigate SCDC corruption and sexual misconduct; "$37,000,000,000" for injuries and the intentional infliction of emotional distress, and attorney's fees (*Id*. at 60–61).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.

*Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Plaintiff's placement in administrative segregation in the Special Management Unit (SMU), custody level, and classification are not actionable. The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); and *Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the SCDC from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

Plaintiff is not entitled to a prison transfer or a transfer to federal protective custody. *See Rochester v. McCall*, Civil Action No. 8:11-0398-HMH-JDA, 2011 WL 704890, at *4 (D.S.C. Feb. 22, 2011)("'A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him, or not

transfer him in the case of plaintiff, to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution'").

Plaintiff cannot obtain a criminal investigation, impanelment of a grand jury, or criminal charges against Defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981) (*applying Linda R. S. v. Richard D.*), which arose in South Carolina; and *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

Plaintiff's claims against Pam Smith, a Grievance Coordinator, fail because prison inmates do not have a constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977). In any event, exhaustion of administrative remedies is not a prerequisite to a federal civil rights action. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints).

Laketa Dika, Director of the SCDC Division of Human Resources, is not responsible for the actions of individual SCDC employees or officials. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977). Moreover, the numerous individual SCDC defendants cannot be held responsible for the actions of Defendant Miley.

In the above-captioned case, Plaintiff has named various state court judges as defendants because of his dissatisfaction with the results in his various cases and appeals. Also, Plaintiff has submitted Forms USM-285 for state judges are not listed in the caption of the Complaint or in the party information section of the Complaint. The judges include Judge Durden (an Administrative Law Court Judge), Judge John Few (Chief Administrative Judge of the South Carolina Court of Appeals), Judge Goolsby (of the South Carolina Court of Appeals [ECF No. 18 at 2]), and Judge Cureton (of the South Carolina Court of Appeals [ECF No. 18 at 3]). All the state judges named as defendants, mentioned in the Complaint, or listed on the Forms USM-285 are immune from suit because of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); and *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates).

Plaintiff has named as defendants, or submitted Forms USM-285 for, clerks of court, including Defendant Gee (Clerk of the South Carolina Court of Appeals), Defendant C. Claire Allen (Deputy Clerk of the South Carolina Court of Appeals), and Virginia Crock (whom Plaintiff describes as a "Judicial Director" [ECF No. 18 at 4]). The various clerks of court and judicial support staff are immune from suit because of quasi judicial immunity. *Forrester v. White*, 484 U.S. 219, 226–27 (1988); *see also Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011).

This federal court does not have jurisdiction to review the denial of Plaintiff's request for workers compensation benefits. *See* S.C. Code Ann. § 42-1-10 *et seq.*, and S.C. Code Ann. § 42-1-480 (Westlaw 2014); *see also Davis v. South Carolina Dep't of Corr.*, 345 S.E.2d 245, 246 (1986) (We hold that Section 42-1-480 (1976) authorizes payment of medical benefits to a former inmate under the terms of the Worker's Compensation Act."). Also, members of the South Carolina Workers Compensation Commission, such as Defendant Barden and Gregory Line (ECF No. 18 at 10), are immune from suit because of quasi judicial immunity. *Patterson v. South Carolina Worker's Compensation Comm'n*, Civil Action No. 0:10-2968-MBS-BM, 2011 WL 2559564, at *2–5 (D.S.C. Mar. 8, 2011), *adopted by* 2011 WL 2559528 (D.S.C. June 28, 2011). Moreover, the non-judicial employees of the South Carolina Workers Compensation Commission named as defendants (Claims Investigator Crosby [ECF No. 18 at 7]) should be dismissed because federal courts do not have jurisdiction to consider state workers compensation claims. *Patterson v. South Carolina Worker's Compensation Comm'n*, Civil Action No. 0:10-2968-MBS-BM, 2011 WL 2559564, at *5 (D.S.C. March 8, 2011) (noting applicability of *Rooker-Feldman* doctrine to state workers compensation claims).

Plaintiff's Section 1983 claims relating to his prison disciplinary proceedings are subject to summary dismissal because of the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court has extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker

11

that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."). This District Court has applied Heck to prison disciplinary proceedings. *Edwards v. Ogunsile*, Civil Action No. 0:09-3319-TLW-PJG, 2011 WL 779884, at *3 (D.S.C. Jan. 24, 2011) ("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones.").

Plaintiff cannot obtain a criminal investigation or criminal charges against other persons. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which is factually similar to Plaintiff's request for arrest warrants from county magistrate courts; and *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). As a result, Plaintiff's claims against state court officials, prosecutors, and local law enforcement officials are subject to summary dismissal.

Plaintiff is not entitled to attorney's fees in this case. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

In short, Plaintiff has only submitted facially-cognizable civil rights claims against Defendant Myecha Miley. *See Wilkins v. Gaddy*, 559 U.S. 34, (2010) (superannuating older Fourth Circuit case law on *de minimis* injuries in excessive force cases). Hence, in a separate order, the undersigned is authorizing service of process solely upon Defendant Myecha Miley.

## RECOMMENDATION

It is recommended that the district court summarily dismiss all Defendants, except Defendant Myecha Miley, *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

March 24, 2014                                             s/ Kevin F. McDonald
Greenville, South Carolina                                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).