IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Henry W. Martin, Jr., #190394, | ) | |
| | ) | Civil Action No. 6:13-3516-TMC-KFM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| William R. Byars; | ) | |
| John R. Pate; | ) | |
| Arthur A. Jordan; | ) | |
| McKenndly Newton; | ) | |
| Robert E. Ward; | ) | |
| Jon Ozmint; | ) | |
| Dennis R. Patterson; | ) | |
| Daniel Murphy; | ) | |
| David M. Tatarsky; | ) | |
| Lt. J. Carujo; | ) | |
| Lt. J. Carter; | ) | |
| Robert Orr; | ) | |
| Lt. James Rump; | ) | |
| Captain E.J. Miller; | ) | |
| Dr. Thomas Bynse; | ) | |
| Lt. Varlease Black; | ) | |
| Cpl. L. Jenkins; | ) | |
| Cpt. Myecha Miley; | ) | |
| M. Hudson; | ) | |
| S. Singlaton, *DHO*; | ) | |
| Cpl. T Simpson; | ) | |
| Mr. McQueen; | ) | |
| P. Smith; | ) | |
| A. Hollman; | ) | |
| Helen Freeman; | ) | |
| Thomas Scott; | ) | |
| Cpt. E James; | ) | |
| Tanya A. Gee; | ) | |
| V. Claire Allen; | ) | |
| John C. Few; | ) | |
| Wayne C. McCabe; | ) | |
| Jill Beattie; | ) | |
| Jeannette Mack; | ) | |
| Francine Bauchman; | ) | |
| Patty Britt Posey; | ) | |
| James S. Sligh, Jr.; | ) | |
| Dr. Rowland; | ) | |
| Gregory S Line; | ) | |
| Charlotte Smith; | ) | |
| Ellen Goodwin; | ) | [Text begins on following page] |
| Russell Rush; | ) | |
| Jim Crosby; | ) | |
| Susan S. Barden; | ) | |
| Virginia Crocker**,** | ) | |
| Defendants. | ) | |

Plaintiff, Henry W. Martin, Jr., proceeding pro se, brought this 42 U.S.C. § 1983 action against Defendants, William R. Byars et al, alleging that they deprived him of his constitutional rights. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this case was referred to a magistrate judge for all pre-trial proceedings. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending the court to summarily dismiss, pursuant to 28 U.S.C. § 1915A (2012), all Defendants, except Defendant Myecha Miley, without prejudice and without service. (ECF No. 22). Plaintiff filed objections to the Report, asserting that Defendants were not entitled to immunity.[1] (ECF No. 27). Defendants responded to Plaintiff's objections, stating that the magistrate judge fully discussed the immunity of Defendants. (ECF No. 30). Defendants did not object to that portion of the Report that did not recommend summary dismissal as to Defendant Myecha Miley. *Id.* Plaintiff responded, reasserting that Defendants are not immune. (ECF No. 33). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

---

[1] The postmark on Plaintiff's envelope is time stamped for April 28, 2014. (ECF No. 27). Objections to the Report were due by April 10, 2014. (ECF No. 22). Plaintiff personally dated his cover letter for April 7, 2014, and his certificate of service is also personally dated for April 7, 2014. (ECF No. 27). The court gave Plaintiff the benefit of the doubt and reviewed the merits of Plaintiff's objections.

The court has conducted the requisite de novo review of the record and, while Plaintiff's objections are lengthy and detailed, they mostly restate factual allegations and legal conclusions raised in the original petition and fully addressed in briefing, and in the Report.

Plaintiff objects to the magistrate judge's recommendation that the clerks of court have quasi-judicial immunity because, according to Plaintiff, the clerks of court were performing ministerial functions rather than discretionary functions. (ECF No. 27, pp. 13-19). Plaintiff cites *Miller v. State*, 659 S.E.2d 492 (2008), for this proposition. In *Miller*, the South Carolina Supreme Court addressed the duties of a clerk of court with regard to petitions for habeas corpus, and stated that a clerk of court performs only a ministerial function, not a discretionary function, when carrying out a habeas petition. *Id.* at 493. Plaintiff further asserts that Section 6.2.4 of the South Carolina Clerk of Court Manual also supports his ministerial duty argument. (ECF No. 17, p 17). Section 6.2.4 of the Manual is entitled "Petition for Writ of Habeas Corpus" and governs habeas petitions. Clerk of Court Manual § 6.2.4 "Petition for Writ of Habeas Corpus," *available at* http://www.judicial.state.sc.us/clerkOfCourtManual/. Plaintiff has not filed a petition for habeas corpus, but rather Plaintiff is asserting a Section 1983 claim against the defendants. *See* (ECF No. 1). Therefore, Plaintiff's objection is without merit.

In sum, the court finds that the Report's analysis is thorough and accurate and, therefore, adopts the Report and incorporates it herein in its entirety. It is therefore **ORDERED** that Plaintiff's Complaint is summarily **DISMISSED** without prejudice and without issuance and service of process as to all Defendants except Defendant Myecha Miley.

**IT IS SO ORDERED.**

/s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

September 5, 2014

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.