IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Henry W. Martin, Jr, # 190394, ) | |
| ) | |
| ) | Civil Action No. 6:13-3516-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Cpt. Myecha Miley, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion for summary judgment (doc. 58). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

On December 20, 2013, the plaintiff submitted a complaint sixty-one pages in length (doc. 1). Appended to the complaint were one hundred seven pages of exhibits (docs. 1-1, 1-2, 1-3, 1-4). Named as defendants were numerous officials and employees of the South Carolina Department of Corrections ("SCDC"), various state court judges, and state court officials. In a Report and Recommendation (doc. 22) filed on March 24, 2014, the undersigned recommended that all defendants except defendant Myecha Miley be summary dismissed *without prejudice*. The Honorable Timothy M. Cain, United States

District Judge, on September 5, 2014, adopted the Report and Recommendation, and dismissed without prejudice all defendants except Miley (doc. 48). On September 30, 2014, the plaintiff filed an interlocutory appeal (Fourth Circuit Docket No. 14-7454) from the order adopting the Report and Recommendation (doc. 51).

Miley filed a motion for summary judgment (doc. 58) on October 2, 2014. The undersigned on October 3, 2014, issued a *Roseboro* order (doc. 59) to apprise the plaintiff of summary judgment procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The plaintiff on December 9, 2014, filed his response (doc. 70) to the motion for summary judgment. Miley filed a reply on December 19, 2014 (doc. 72).

On January 21, 2015, the United States Court of Appeals for the Fourth Circuit dismissed the plaintiff's interlocutory appeal. *See Martin v. Byars*, No. 14-7454, 589 F. App'x 217 (4th Cir. Jan. 21, 2015).

## ALLEGATIONS

The court has thoroughly reviewed the lengthy and convoluted complaint. Many of the allegations deal with the previously dismissed co-defendants, so there is no need to recite them here. As to the lone remaining defendant Miley, a correctional officer at SCDC's Allendale facility, the plaintiff alleges: (1) she retaliated against him with bogus charges for refusing to have sex with her (complaint at 6–7); (2) she improperly charged him for refusing to allow her to search him (*id.*); (3) she hit his scrotum, which required hospitalization for hernia surgery (*id.* at 23); and (4) she tried to have him killed by another inmate with whom she had a relationship (*id.* at 27). As displayed by the many attachments to his complaint, the plaintiff filed a number of grievances, though the content of these appears to pertain to his frustration with SCDC policies and other employees. He also appears to have pursued civil and criminal liability against Miley through state agencies and courts. In his prayer for relief, the plaintiff seeks a court order sending the plaintiff into federal protective custody; a court order instructing a Grand Jury to investigate SCDC

corruption and sexual misconduct; $37 billion for injuries and the intentional infliction of emotional distress; and attorney's fees (*id*. at 60–61).

In her memorandum in support of the motion for summary judgment, Miley points out that all of the incidents involving her in the complaint had to have occurred prior to November 8, 2010, when the plaintiff was transferred from Allendale to another correctional facility (*see* doc. 58-2, John Pate aff. ¶ 14). As such, the plaintiff's complaint is time-barred, as it was filed beyond the applicable statute of limitations. In addition, she attaches the affidavit of SCDC's Inmate Grievance Coordinator Ann Hallman, who testifies that the plaintiff failed to exhaust his administrative remedies prior to filing this action (doc. 58-3, Hallman aff. ¶ 20).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not

rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

***Failure to Exhaust***

In the motion for summary judgment, defendant Miley argues that the plaintiff has failed to exhaust his administrative remedies prior to commencing this action. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216; *Anderson*, 407 F.3d at 681.

"[U]nexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204. It also has the "potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.*" Id.*

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89–90. This is especially true in a prison context. *Id*. at 90 n.1. Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

The court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA-01.12." *Malik v. Ward*, 8:08-cv-1886-RBH, 2010 WL 936777, at *2 n. 4 (D.S.C. Mar. 16, 2010). The policy is summarized as follows:

> After an unsuccessful attempt at informal resolution of the problem(s) by submission of a Request to Staff Member Form or by discussion of the complaint with the appropriate supervisor/staff, (1) an inmate must fill out a Form 10–5, Step 1, and give the form to an employee designated by the Warden (not the Inmate Grievance Coordinator) within fifteen days of the alleged incident; (2) the grievance must then be numbered and entered into SCDC's automated system within ten working days, and the Institutional Inmate Grievance Coordinator (IGC) notified; (3) the IGC must then, within ten working days, finalize the grievance in the system and attempt to informally resolve the issue; if the problem cannot be resolved informally, the IGC will conduct a complete investigation and make recommendations for disposition of the matter to the Warden; (4) the Warden must respond to the inmate, in writing, within forty days from the date the grievance was formally entered into the system by the IGC, then the IGC has five working days to serve the Step 1 response to the inmate; (5) the inmate may

> then appeal the Warden's response to the Division Director of Operations by completing a Form 10–5a, Step 2, and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; (6) the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal within another five "calendar days" and the Branch must present the Step 2 appeal to the responsible SCDC official, i.e. the Division Director of Operations, for a response; (7) the Division Director of Operations then has sixty days from the date the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, (8) the IGC has five days to serve the inmate with the Step 2 response.

*McFadden v. Reynolds*, C.A. No. 3:13-439-JMC-JRM, 2013 WL 1838656, at *3 n. 2 (D.S.C. April 11, 2013) (citing SCDC, Inmate Grievance System, GA–01.12, § 13.4 (Oct. 1, 2010)), *adopted by* 2013 WL 1838644 (D.S.C. May 1, 2013).

To exhaust his administrative remedies, the plaintiff had to pursue *grievances* concerning the issues of excessive force and employee misconduct on the part of defendant Miley. *Poe v. Bryant*, No. 9:12-cv-3142-RMG, 2013 WL 6158023, at *6 n. 5 (D.S.C. Nov. 21, 2013) (citing *Davis v. Minthorn*, No. 05-326, 2006 WL 2222700 (E.D. Tenn. Aug. 2, 2006) (submission of inmate request form not sufficient to exhaust grievance remedy)).[1]

The affidavit of SCDC Grievance Coordinator Ann Hallman discloses that the plaintiff's grievance relating to Miley allegedly injuring his scrotum when she searched him was not processed because it was untimely (doc. 58-3, Hallman aff. ¶ 22). *See Bryan v. SCDC*, Civil Action No. 4:08-cv-1590-TLW-TER, 2009 WL 702864, at *3 (D.S.C. Mar. 16, 2009) ("The fact that a grievance was unprocessed, without more, is insufficient to show that Respondents prevented Petitioner from exhausting his administrative remedies."). Ms.

---

[1] The plaintiff did file a step 1 grievance and step 2 appeal and an appeal to the South Carolina Administrative law Court from his disciplinary conviction. The plaintiff's claims concerning his disciplinary conviction were addressed in the Report and Recommendation (doc. 22) filed in this case on March 24, 2014, wherein the undersigned recommended that claims relating to the plaintiff's disciplinary conviction be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Cain adopted the Report and Recommendation in his order (doc. 48) of September 5, 2014.

Hallman also stated that no grievances were filed by the plaintiff with respect to his allegations that Miley filed bogus charges against him or that she tried to have him killed (*id*. ¶ 20). Under *Woodford v. Ngo*, "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules of the particular prison system, as a prerequisite to bringing suit in federal court. 548 U.S. at 88–103. In other words, "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Under *Porter v. Nussle*, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. 534 U.S. at 524 (noting exhaustion requirement for both federal and state prisoners).

The plaintiff's response (doc. 70) to the motion for summary judgment does not directly address the arguments in defendant Miley's motion for summary judgment. Rather, the plaintiff contends: (1) Judge Cain, in adopting the Report and Recommendation to dismiss all defendants except defendant Miley, deprived the plaintiff of his constitutional rights (*id.* at 2): (2) the plaintiff, who is a "jailhouse lawyer," was been prevented from presenting his case (*id*. at 3); (3) the magistrate judge's *Roseboro* order was an abuse of discretion and deprived the plaintiff of his fundamental rights, including the right of access to the courts (*id*. at 4–6); (4) the plaintiff on November 25, 2014, received notice from the Court of Appeals (*id*. at 7); and (5) the plaintiff seeks relief from the Honorable C. Weston Houck, Chief Judge (*id*. at 8).

The complaint and the plaintiff's various exhibits indicate that, instead of attempting to exhaust his available prison remedies, the plaintiff attempted to initiate criminal charges against defendant Miley and other SCDC officials in the magistrate court for Allendale County (doc. 1 at 20–22, 36–42). The plaintiff, in any event, could never have initiated criminal charges. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-

7

prosecution of another person); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. The Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.* and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke*, 454 U.S. at 86–87. Moreover, the Supreme Court cited a similar precedent from the Supreme Court of South Carolina. *See id.* at 87 n. 2, (citing *State v. Addison*, 2 S.C. 356, 364 (1871) ("Save for the just and proper vindication of the law, no one has an interest in the conviction of the prisoner. The prosecuting officer speaks for the State, and, if the motion is to be made for the removal of the trial on behalf of the State, it should be by him, and induced by his judgment. He is responsible for all errors in the official discharge of his duty, and he must be uncontrolled in the exercise of it.")).

Based upon the foregoing, the plaintiff has failed to exhaust his administrative remedies *in accordance with the applicable rules of the SCDC* prior to filing his claims under Section 1983, and thus his Section 1983 claims against defendant Miley should be dismissed. *See Woodford*, 548 U.S. at 88–103 ("proper" exhaustion means exhaustion in accordance with the rules of the particular prison or prison system); *Penza v. Patterson*, No. 8:10-cv-2361-JFA-JDA, 2011 WL 5869748, at *6 (D.S.C. Oct. 26, 2011) ("Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the SCDC Grievance Procedure . . . . Hence, within this District, an inmate's claim is barred unless he completes Step 2 of the SCDC grievance procedure with respect to that claim."), *adopted by* 2011 WL 5875001 (D.S.C. Nov. 21, 2011).

***Statute of Limitations***

Even if the plaintiff had exhausted his administrative remedies, this action is not timely. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265–80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530 (Westlaw 2015), which establishes a three-year limitations period for causes of action arising on or after April 5, 1988. Since the plaintiff failed to file timely grievances relating to his various allegations against Miley, this federal court will not have to determine whether the three-year limitations period should be "tolled" with respect to the time that a grievance was pending. *Cf. Brown v. Valoff,* 422 F.3d 926, 942-43 (9th Cir. 2005) (collecting cases for the proposition that the applicable statute of limitations must be tolled while a prisoner completes a mandatory exhaustion process); and *Johnson v. Rivera,* 272 F.3d 519, 521–22 (7th Cir. 2001) (deciding, because federal courts borrow state limitations periods for § 1983 actions, federal courts must also borrow state tolling law; and the Illinois statute of limitations must be tolled if a statutory prohibition, such as the PLRA, exists that prevents a plaintiff's cause of action), which are cited in *Lopez v. S.C.D.C.*, Civil Action No. 3:06-2512-PMD-JRM, 2007 WL 2021875, at *2 (D.S.C., July 6, 2007).

The envelope used to mail the pleadings indicates that the plaintiff delivered the complaint with exhibits to prison officials for mailing on December 13, 2013 (doc. 1-6 at 3). Under *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court), the complaint is deemed to have been filed for limitations purposes on December 13, 2013. In any event, the plaintiff signed the complaint on December 9, 2013, which was more than three years

after he was transferred from the Allendale Correctional Institution on November 8, 2010 (doc. 58-2, Pate aff. 14).[2]

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. Defendant Miley asserted the statute of limitations defense in both the answer (doc. 31 at 6) and in the memorandum in support of motion for summary judgment (doc. 58-1 at 9–10). Hence, this case should be dismissed as untimely. *See Gallipeau v. Hamm*, Civil Action No. 0:13-505-TMC, 2014 WL 2613178, at *4 (D.S.C. June 10, 2014).

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the District Court **grant** defendant Miley's motion for summary judgment (doc. 58).[3] The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

April 7, 2015
Greenville, South Carolina

---

[2] Defendant Miley states in the motion for summary judgment indicates that this case was filed "on November 13, 2013" (doc. 58-1 at 10). This date is obviously the result of a scrivener's error or typographical error.

[3] As the undersigned finds that the motion for summary judgment should be granted based upon failure to exhaust and statute of limitations, the defendant's remaining arguments for dismissal will not be addressed.

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).